PILLSBURY WINTHROP SHAW PITTMAN LLP
MARCIA L. POPE #124878
ALEX A.L. PONCE DE LEON #247427
50 Fremont Street, Post Office Box 7880
San Francisco, CA 94120-7880
Telephone: (415) 983-1000; Facsimile: (415) 983-1200

Attorneys for Defendant CHEVRON U.S.A. INC.

GREGORY S. WALSTON #196776
ORESTES A. CROSS #250471
222 Columbus Avenue, Suite 420
San Francisco, CA 94133
Telephone: (415) 956-9200; Facsimile: (415) 956-9205

Attorneys for Plaintiff RICHARD A. DUSTE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. DUSTE,<br><br>    Plaintiff,<br><br>vs.<br><br>CHEVRON PRODUCTS COMPANY, INC. a corporation, DOES ONE through TWENTY,<br><br>    Defendants. | No. CV 08 3980 MEJ<br><br>JOINT CASE MANAGEMENT STATEMENT AND ~~PROPOSED~~ ORDER<br><br><br>Case Management Conference:<br>    December 11, 2008<br>    Courtroom: B<br>    Time: 10:00 a.m. |

In accordance with Civil Local Rule ("L.R.") 16-9, the parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order.

1. **Jurisdiction and Service.** Plaintiff Richard A. Duste purports to invoke venue and jurisdiction pursuant to 28 U.S.C. §§ 1391 (a) and 1332. No other parties remain to be served.

2. **Description of Events Underlying the Action.**

Defendant's Description: This action arises from the termination of Richard A. Duste ("Plaintiff") by Chevron U.S.A. Inc. (the "Company" or "Defendant"). Plaintiff's employment was terminated on October 12, 2007, after an extensive investigation revealed that Plaintiff had violated the Company's policies on expense reporting and travel reimbursement. Plaintiff was responsible for personally adhering to these policies, and for ensuring that his subordinates did so as well. Plaintiff asserts nine causes of action for negligence, intentional and negligent interference with contractual relations, intentional and negligent infliction of emotional distress, slander, libel, breach of contract, and unfair business practices under Business and Professions Code section 17200 et seq. Chevron denies the allegations in their entirety, and denies that Plaintiff is entitled to any recovery in this lawsuit.

Plaintiff's Description: Plaintiff concurs with the Defendant's description and adds that the Defendant's investigation also revealed that Plaintiff visited a brothel with clients and frequented men's clubs.

3. **Principal Legal Issues.**

(a) Whether Defendant engaged in negligent conduct towards Plaintiff;

(b) Whether Plaintiff engaged in contributory negligence;

(c) Whether any contract between Plaintiff and a third party is at issue;

(d) If so, whether Defendant interfered with any such contract;

(e) Whether Defendant engaged in action rising to the level of actionable infliction of emotional distress towards Plaintiff;

(f) If so, whether such conduct is preempted by California's Workers' Compensation Act;

(g) Whether Defendant made any false oral statements to a third party about

Plaintiff (slander);

 (h) Whether Defendant made any false written statements to a third party about Plaintiff (libel);

 (i) If either (g) or (h) is true, whether Plaintiff can establish that he suffered tangible damage to his professional standing as a result of Defendant's statements;

 (j) Whether a contract of employment existed between Plaintiff and Defendant, other than at will employment;

 (k) If so, whether Defendant's conduct towards Plaintiff breached such a contract;

 (l) Whether Defendant has engaged in any unfair business practice towards Plaintiff, cognizable under Business & Professions Code section 17200;

 (m) Whether Plaintiff can establish that he has been damaged as a result of Defendant's conduct;

 (n) Whether Plaintiff has properly mitigated an allegedly damages.

**4.** **Motions.** Defendant anticipates filing a motion for summary judgment or summary adjudication in this matter. The parties may also file discovery motions, as necessary.

**5.** **Amendment of Pleadings.** The parties do not anticipate amendments to the pleadings.

**6.** **Evidence Preservation.** The parties have taken steps to preserve electronic and paper evidence.

**7.** **Disclosures.** The parties anticipate that all initial disclosures will have been made by December 4, 2008.

**8.** **Discovery.** No discovery has been taken to date. The parties anticipate that fact discovery can be completed by the end of summer 2009. Defendant has issued its first request for production of documents and request for plaintiff's deposition, tentatively set to begin in mid-January. 2009.

**9.** **Relief.** Plaintiff seeks compensatory damages and punitive relief to be

1 proven at trial.  Plaintiff also seeks relief for the costs of suit.

2      **10.**    **Settlement and ADR.** The parties have agreed to submit this matter for a
3 settlement conference before a Northern District of California Judge, and/or to engage in
4 private mediation.

5      **11.**    **Consent to Assignment to Magistrate Judge For All Purposes.** All
6 parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).

7      **12.**    **Trial Schedule.** Because the parties believe that many issues related to this
8 case can be resolved on motion, a trial date at this juncture would be premature.  We ask
9 that trial setting be postponed until early 2009.  If the Court is inclined to set the matter for
10 trial now, however, the parties ask that a date be set in the Summer of 2010.

11

12 ///

13 ///

14 ///

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated: December 4, 2008.

                              PILLSBURY WINTHROP SHAW PITTMAN LLP
                              MARCIA L. POPE #124878
                              ALEX A.L. PONCE DE LEON #247427
                              50 Fremont Street
                              Post Office Box 7880
                              San Francisco, CA 94120-7880

By: _____/s/_____
            Marcia L. Pope
   Attorneys for Defendant Chevron U.S.A. Inc.

GREGORY S. WALSTON #196776
ORESTES A. CROSS #250471
222 Columbus Avenue, Suite 420
San Francisco, CA 94133

By: _____/s/_____
          Orestes A. Cross
   Attorneys for Plaintiff Richard A. Duste

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

In addition the Court orders:
The parties are referred to another magistrate judge for a settlement conference. Pretrial and trial dates shall not be scheduled at this time. Instead, the parties shall contact the Court after the settlement conference with a joint status statement. The 12/11 CMC is VACATED.

Dated: December 5, 2008.

By: _____
          Hon. Maria-Elena James
        United States Magistrate Judge