UNITED STATES DISTRICT COURT

Northern District of California

RICHARD A DUSTE,            No. C 08-03980 MEJ

        Plaintiff(s),              **ORDER ON MOTIONS IN LIMINE**

  v.

CHEVRON PRODUCTS CO,

        Defendant(s).

_____/

    This case in set for trial on October 3, 2011. At the pre-trial conference held on September 1, 2011, the Court addressed Defendant's Motions in Limine and indicated it would issue a written order on the Motions.

    In its first motion in limine, Defendant moves to preclude Plaintiff and his witnesses "from offering any testimony regarding alleged slanderous statements that the witnesses did not directly overhear," including statements that Plaintiff "was no longer with the company." Dkt. No. 44 at 3. Defendant argues that such statements are impermissible hearsay and lack evidentiary foundation if offered by Plaintiff. In response, Plaintiff asserts that with respect to his testimony that Tim Black made slanderous statements, he does not intend to introduce such statements because they are hearsay. Dkt. No. 47 at 1. He therefore does not oppose Defendant's Motion on that ground. However, Plaintiff argues that with respect to testimony from Ed Zwirn that slanderous statements regarding Plaintiff were made to him and testimony from Tim Black that he made slanderous statements regarding Plaintiff to third parties, Plaintiff argues that, given his position that such statements were slanderous, and thus false, such statements would not be offered for the truth of the matter asserted, and are therefore not hearsay. *Id*. at 2. The Court agrees with Plaintiff that, because the testimony would not be offered for the truth of the matter asserted, it is not hearsay. Accordingly, the Court **OVERRULES** Defendant's blanket objection based on hearsay. However, the Court's ruling is without prejudice to Defendant raising specific hearsay objections during testimony at trial.

1  Further, the Court reserves ruling on Defendant's objection based on lack of foundation because the
2  Court cannot determine whether proper foundation has been laid out of context. Defendant may
3  assert such objection at the appropriate time during trial.

4  Defendant's second motion in limine is to exclude declarations from Tim Black and Ed
5  Zwirn, which Plaintiff submitted in opposition to Defendant's Motion for Summary Judgment. Dkt.
6  No. 44 at 4. Defendant argues that, at the time Plaintiff submitted the declarations, discovery had
7  closed and the witnesses had never been deposed. *Id*. As a result, Defendant contends that it never
8  had the opportunity to cross-examine either witness about the content of their respective declaration.
9  *Id*. Defendant therefore argues that, "these declarations constitute impermissible hearsay (Fed. Rules
10 of Evidence, Rule 801), do not constitute 'former testimony' that would fall under an exception to the
11 hearsay rule (Fed. Rules of Evidence, Rule 804(b)(1)), and should not be admitted at trial, except for
12 impeachment purposes in the event that the witnesses appear in person." *Id*. In response, Plaintiff
13 indicates that he does not oppose this Motion because both witnesses are available to testify. Dkt.
14 No. 48. However, Plaintiff requests that the Court grant the motion without prejudice to further
15 review if either witness becomes unavailable. Accordingly, the Court **GRANTS** Defendant's Motion
16 in Limine No. 2 without prejudice to Plaintiff moving for reconsideration of this ruling if either Mr.
17 Black or Mr. Zwirn is unavailable at trial.

18  In its third motion in limine, Defendant moves to preclude Plaintiff from offering any
19 evidence or testimony regarding whether his dismissal from Chevron was "wrongful," on the ground
20 that such evidence is not relevant to the slander claim at issue. Dkt. No. 44 at 5. Plaintiff does not
21 oppose Defendant's request, provided Defendant be subject to the same restriction. Dkt. No. 49.
22 Accordingly, the Court **GRANTS** Defendant's Motion in Limine No. 3.

23  In its fourth motion in limine, Defendant seeks to preclude Plaintiff from presenting any
24 evidence or testimony regarding the disciplinary measures imposed on other Chevron employees
25 implicated in Debra Taylor's investigation into the expense report abuses of Chris Browning on the
26 ground that it is irrelevant under Rules of Evidence 401 and 402, and because it is inadmissible due to
27 prejudice, confusion, and waste of time under Rule 403. Dkt. No. 44. Plaintiff does not oppose this
28

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

Motion, provided Defendant's case in chief be subject to the same exclusion. Dkt. No. 50. Accordingly, the Court **GRANTS** Defendant's Motion in Limine No. 4.

**IT IS SO ORDERED.**

Dated: September 28, 2011

_____
Maria-Elena James
Chief United States Magistrate Judge