UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| RICHARD A DUSTE, | No. C 08-3980 MEJ |
| Plaintiff, | **FINAL PRETRIAL ORDER** |
| v. | |
| CHEVRON PRODUCTS CO., | |
| Defendant. | |

On September 29, 2011, the Court held a Final Pretrial Conference in this matter. This Order summarizes the Court's rulings and information about how the trial will be conducted.

1. The trial will proceed in Courtroom D as follows: the parties will appear at 9:00 a.m. on Monday, October 3, 2011. Jury selection will commence at 9:30 a.m. The trial will start at 1:15 p.m. Each day thereafter, trial will begin at 9:30 a.m. with a 15-minute break at 11:00 a.m., a 45-minute lunch at 12:30 p.m., and a 15-minute afternoon break at 2:30 p.m. Trial will conclude at 4:00 p.m. each day.

2. Each side has 7 hours to present their case in chief. The 7 hours does not include opening and closing statements. Opening statements must be limited to 30 minutes per side and closing statements must be limited to 1 hour per side.

3. In order to avoid prejudice to either side, the Court will follow the normal rule regarding objections to evidence and other legal points which the Court must decide: No lengthy arguments in front of the jury. No sidebars. Any such argument should occur before 9:30 a.m. or after 4:00 p.m. unless it is unavoidable. Objections should consist of a citation to the Federal Rule(s) of Evidence at issue and the applicable generic description (e.g. "relevance.")

6. The parties must rise when making an objection.

7. The parties must seek leave to approach witnesses.

8. At the close of each trial day, counsel must disclose to the opposing party the witnesses to be called the following two days and the exhibit numbers of the documents that counsel plans to use on direct (other than for impeachment).  Within 24 hours of such disclosure, counsel shall exchange exhibit numbers to be used in cross of the witnesses (other than for impeachment). Parties will not be allowed to call witnesses or use documents other than those that have been previously disclosed in the Pretrial Conference Statement, <u>and</u> in the daily witness lists.

9. With respect to contested Jury Instruction No. 19, the Court reserves ruling on which instruction will be given, but notes that it is inclined to give Defendant's proposed instruction with some modification consistent with the California standard instruction on scope of employment.

10. With respect to the disputed language in Proposed Jury Instructions 20 and 21, and the parties' Joint Proposed Statement of the Case to be read to the jury, the Court will read Plaintiff's proposed language in the Statement of the Case to the jury and will determine which language is appropriate for the jury instructions at the close of evidence.  The Court will also include language indicating that this is a case where the parties agree that Chevron's termination of Plaintiff's employment was lawful.

**IT IS SO ORDERED.**

Dated: September 29, 2011

_____
Maria-Elena James
Chief United States Magistrate Judge