UNITED STATES DISTRICT COURT

Northern District of California

RICHARD A DUSTE,

          Plaintiff,

  v.

CHEVRON PRODUCTS CO,

          Defendant.

_____/

No. C 08-3980 MEJ

**ORDER RE DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW**

Following the close of evidence at trial, Defendant moved for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a). Specifically, Defendant urges the Court to find: (1) that the statements in this case were slander per quod, not slander per se; (2) that Defendant is entitled to a qualified privilege pursuant to California Civil Code § 47(c); (3) that Plaintiff's slander claims fail because the statements are true or substantially true; and (4) that respondeat superior liability does not apply because Mr. Black's conduct was unforeseeable and outside the scope of his employment.

The Court has considered the parties' arguments and reviewed the authorities the parties have cited, and now **RULES** as follows.

1. With respect to Defendant's motion that the Court find as a matter of law that the statements at issue in this case are properly characterized as slander per quod, the Court agrees with Defendant. The Court cannot find that the statements, on their face, suggest that Plaintiff was "generally disqualified in those respects which his profession peculiarly requires or to impute something with reference to his profession that would have a natural tendency to lessen its profits." Cal. Civ. Code § 46; *see Regalia v. Nethercutt Collection*, 172 Cal. App. 4th 361, 367-68 (2009). The Court therefore **GRANTS** Defendant's request.

2.      As to Defendant's motion that it is entitled to the qualified privilege under § 47(c), the Court finds that, though sparse, there was testimony from Tim Black regarding his motive for making the statements from which the jury could infer malice. Accordingly, the Court **DENIES** this request.

3.      With respect to Defendant's motion that Plaintiff's claims fail because the evidence establishes that the statements were substantially true, the Court finds that testimony was presented from which the jury could find that the statements were false. Further, to resolve this issue, the Court would have to make credibility determinations about witnesses, which it cannot do within the scope of a Rule 50(a) motion. The Court therefore **DENIES** Defendant's Motion as to this issue.

4.      Finally, with respect to Defendant's motion that there is insufficient evidence to hold it liable under a respondeat superior theory, the Court finds that there was sufficient evidence from which a jury could find that Tim Black was acting within the scope of his employment. The Court therefore **DENIES** Defendant's Motion as to this issue.

**IT IS SO ORDERED.**

Dated: October 5, 2011

_____
Maria-Elena James
Chief United States Magistrate Judge