UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| RICHARD DUSTE,<br><br>               Plaintiff,<br>  v.<br>CHEVRON PRODUCTS CO., INC.,<br><br>               Defendant.<br>_____/ | No. CV08-3980 MEJ<br><br>**ORDER RE: PREVAILING PARTY**<br><br>**ORDER DENYING COSTS** |

On November 7, 2011, the parties filed a proposed judgment in this matter. Dkt No. 89. The parties are in agreement except as to paragraph 3, which provides as follows: "Defendant is the prevailing party within the meaning of Federal Rule of Civil Procedure ("Rule") 54 and is entitled to recover its costs of suit incurred herein." Defendant argues that this paragraph should be included in the Court's judgment because the Court granted summary judgment in its favor on seven out of eight of Plaintiff's causes of action. Def.'s Mem., Dkt. No. 93. In response, Plaintiff argues that Defendant is not the prevailing party and should not be awarded costs because he prevailed at trial and is therefore the prevailing party. Pl.'s Sep. Stmt. Re: Prop. J., Dkt. No. 92.

A prevailing party for the purposes of costs is the party "in whose favor judgment is rendered." *San Diego Police Officers' Ass'n v. San Diego City Employees' Retirement Sys.*, 568 F.3d 725, 741 (9th Cir. 2009) (citation and internal quotation marks omitted). The Supreme Court has held that a prevailing party need not win with respect to each and every issue; rather, prevailing party status can be accorded "when a party has prevailed on the merits of at least some of his claims." *Hanrahan v. Hampton*, 446 U.S. 754, 758 (1980) (per curiam). Thus, the plaintiff need not

succeed on the "central issue" of the case and obtain the "primary relief sought." *Tex. State Teachers Ass'n v. Garland Indep. School Dist.*, 489 U.S. 782, 790 (1989). Whether costs are awarded is a decision to be made by the district judge, and her decision will not be overturned unless she has abused her discretion. *K-2 Ski Co. v. Head Ski Co.*, 506 F.2d 471, 476-77 (9th Cir. 1974)

      In this case, each of the parties obtained judgment in their favor from either the Court on summary judgment or the jury at the conclusion of the trial. The Court granted judgment in favor of Defendant on the claims in Plaintiff's complaint for negligence, intentional interference with contractual relations, negligent interference with contractual relations, intentional infliction of emotional distress, negligent infliction of emotional distress, libel, breach of contract, and violation of California Business & Professions Code section 17200, et seq. Dkt. No. 36. Subsequently, a jury returned a verdict on October 7, 2011 after trial in favor of Plaintiff on Plaintiff's claim for slander. Dkt. No. 81. Therefore, since each party prevailed, at least in part, the Court in its exercise of discretion pursuant to Rule 54(d) declines to award costs to either party under the particular circumstances of this case. *See Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1997) (citation omitted) ("In the event of a mixed judgment, however, it is within the discretion of a district court to require each party to bear its own costs."); *Allen & O'Hara, Inc. v. Barrett Wrecking, Inc.*, 898 F.2d 512, 517 (7th Cir.1990) (district court did not abuse its discretion in denying costs where both parties prevailed in part); *Johnson v. Nordstrom–Larpenteur Agency, Inc.*, 623 F.2d 1279, 1282 (8th Cir.), *cert. denied*, 449 U.S. 1042 (1980) (plaintiff prevailed in part on her claims and defendant prevailed on its counterclaim; no abuse of discretion to order each party to bear its own costs).

      Accordingly, neither side shall receive an award of costs.

**IT IS SO ORDERED.**

Dated: November 9, 2011

_____
Maria-Elena James
Chief United States Magistrate Judge

2